**UNITED STATES of America,**

v.

**Sidney JONES, et al, Defendants.**

**No. SS85 Cr. 1075–CSH.**

United States District Court,
S.D. New York.

May 21, 1986.

Law Offices of John Doar, New York City, for defendant Ogletree; Michael S. Devorkin, of counsel.

Rudolph W. Giuliani, U.S. Atty., for S.D. N.Y., New York City, for U.S.; Baruch Weiss, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

The Government moves for "an injunction preserving [defendant] Ogletree's assets for restitution" (I have quoted the caption of the Government's brief). The Government bases its motion upon 18 U.S.C. § 1345. That section was added to Chapter 63 of the Code in 1984. It provides:

"Whenever it shall appear that any person is engaged or is about to engage in any act which constitutes or will constitute a violation of this chapter, the Attorney General may initiate a civil proceeding in a district court of the United States to enjoin such violation. The court shall proceed as soon as practicable to the hearing and determination of such an action, and may, at any time before final determination, enter such a restraining order or prohibition, or take such other action, as is warranted to prevent a continuing and substantial injury to the United States or to any person or class of persons for whose protection the action is brought. A proceeding under this section is governed by the Federal Rules of Civil Procedure, except that, if an indictment has been returned against the respondent, discovery is governed by the Federal Rules of Criminal Procedure."

Ogletree and five other defendants stand indicted for mail and wire fraud. The indictment alleges a scheme to defraud elderly women by a confidence game. One defendant is a fugitive. Trial of the remaining five, including Ogletree, is scheduled to begin on June 9, 1986.

The assets which the Government seeks to reach by its present motion are the proceeds of the sale of a house in Queens which Ogletree owned with another individual. The Government concedes that Ogle-

tree purchased this real estate before the scheme alleged in the indictment came into being.

Thus the Government views § 1345 as a provision entitling it to "preserve" (that is to say, tie up) any assets of an indicted and presumptively innocent defendant, so that if the defendant is convicted, and if the Court includes an order for restitution in its sentence, there will be funds available to make that restitution.

While I recognize the salutary purpose of § 1345, the Government's interpretation of it in this case stretches its provisions beyond all reason. Nothing in the wording of the statute, or in any legislative history to which I have been directed, suggests that § 1345 is intended to be the functional equivalent of an order of attachment of all of an indicted defendant's assets, in contemplation of conviction and an order of restitution. The Government's remedies under § 1345 are limited to those cases where the Government can show that the person sought to be enjoined "is engaged or is about to engage in any act which constitutes or will constitute a violation" of Chapter 63. Chapter 63 prohibits mail fraud, wire fraud, and bank fraud. Assuming *arguendo* that Ogletree is divesting himself of assets in order to frustrate and possible order of restitution, as the Government contends (as opposed to obtaining funds for his legal defense, as Ogletree contends), § 1345 simply does not apply.

Different questions might arise if the assets the Government sought to attach constituted fruits of the alleged fraudulent scheme. The parties have briefed those questions, which include when a conspiracy ends. But since it is conceded that the assets in question do not constitute fruits of the scheme, I need not reach those questions, and express no view upon them.

In its reply brief and at oral argument, the Government adopted a fall-back position. It is that in prior proceedings before this Court, a magistrate, and the pre-trial services agency, Ogletree made false statements or material omissions concerning his assets. These allegedly fraudulent acts are said by the Government to evidence that Ogletree is engaging in that sort of conduct embraced by Chapter 63, thereby triggering § 1345.

Typically, fraudulent statements made to judicial officers or agencies of government are characterized as violative of 18 U.S.C. § 1001, which appears in Chapter 47. Such fraudulent acts, even if proven, would not entitle the Government to invoke the civil remedies of § 1345. Presumably the Government, in advancing this alternative theory, envisions that Ogletree made use of the mails or the wires. Whether the general fraudulent practices proscribed by Chapter 63 also embrace that specific sort of fraud prohibited by § 1001 gives rise to further questions of substance.

In any event, since Ogletree vehemently denies making fraudulent statements concerning his assets, and there is an insufficient record at present to resolve the issue one way or another, the Government's motion for a § 1345 injunction fails upon the present record. I so ruled at the hearing this morning, with a statement that an opinion would follow. This is that opinion.

If the Government wishes to pursue this matter, then I agree with Ogletree that it must institute a civil proceedings, as § 1345 specifically requires. Up until now, the Government has made its purported § 1345 applications directly to this Court in the context of the criminal case. I have reached the merits of certain of the issues while in that procedural posture, because it saves time to do so. But I am no longer prepared to disregard the procedural machinery—which alone vests this Court with subject matter jurisdiction—mandated by the Congress in the statute.

Motion denied. SO ORDERED.